UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HUD URBAN DEVELOPMENT, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00815-KES-BAM<br><br>ORDER REQUIRING PLAINTIFFS ARIEL DUNN, RICHIE DUNN, AALIYAH DUNN, AND ASHANTI DUNN TO SUBMIT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE<br><br>ORDER REQURING PLAINTIFFS ARIEL DUNN, RICHIE DUNN, AALIYAH DUNN, AND ASHANTI DUNN TO FILE A SIGNED COMPLAINT TO PROCEED PRO SE<br><br>ORDER REQUIRING PLAINTIFF EMMA DUNN TO FILE COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On July 16, 2024, Emma Dunn, Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn ("Plaintiffs") filed the instant civil action. (Doc. 1.) On the same date, Plaintiff Emma Dunn filed an application to proceed *in forma pauperis*. (Doc. 2.) As explained in this order, these filings have multiple issues that Plaintiffs must address.

**I.　　Complaint**

The complaint filed in this action was signed only by Plaintiff Emma Dunn, proceeding *pro se*.[1] (Doc. 1.) Plaintiffs are advised that Local Rule 131(b) of the Eastern District of California requires that all pleadings "be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona." Plaintiff Emma

---

[1] The complaint also was signed by Alana Dunn, who is not identified as a plaintiff in this action. (*See* Doc. 1 at 13.)

1

1  Dunn may represent herself *pro se*, but she may not represent anyone else *pro se*, even as a
2  guardian ad litem.[2]  Each named plaintiff must sign the complaint on behalf of themselves if they
3  wish to proceed *pro se* in this action, or must have a licensed attorney that represents them in the
4  action sign and submit any filings.  *See* L.R. 131(b); *Johns v. County of San Diego*, 114 F.3d 874,
5  877 (9th Cir. 1997) (holding that a parent or guardian cannot bring an action on behalf of a minor
6  child without retaining a lawyer); *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir.
7  1987) (citations omitted), ("Although a non-attorney may appear *in propria persona* in his own
8  behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others
9  than himself.").

10  If Plaintiffs Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn are not minor
11  plaintiffs and wish to proceed *pro se* in this action, then they must file an amended complaint that
12  includes each of their signatures.

13  **II.      Application to Proceed *In Forma Pauperis***

14  Plaintiff Emma Dunn was the only named plaintiff that submitted an application to
15  proceed *in forma pauperis*.  (Doc. 2.)  All parties instituting any civil action are required to pay
16  the filing fee.  *See*  28 U.S.C. § 1914(a).  An action may only proceed without the payment of the
17  filing fee if the party is granted *in forma pauperis* status.  *See Rodriguez v. Cook*, 169 F.3d 1176,
18  1177 (9th Cir. 1999).  "Where there are multiple plaintiffs in a single action, the plaintiffs may
19  not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee."
20  *Darden v. Indymac Bancorp, Inc.*, No. S-09-2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D.
21  Cal. Dec. 23, 2009); *see also Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL

---

[2]     The nature of the relationship between Plaintiff Emma Dunn and the remaining named plaintiffs is unclear.  In the complaint, Plaintiff Emma Dunn states, "A waiver was apply for the disable children." (Doc. 1 at 85.)  Additionally, in the application to proceed *in forma pauperis*, Plaintiff Emma Dunn states, "my grandkids want a better home, and mother has lost her self esteem…" (Doc. 2 at 2.)  It is not apparent to the Court if these statements refer to any of the other named plaintiffs.  It also is not apparent to the Court if any of the named plaintiffs are minor children.

Plaintiffs are advised that Local Rule 140(a) requires partial redaction of certain personal data identifies from all pleadings, documents, and exhibits, including, but not limited to the following: "Minors' names: … [I]n civil actions use initials when federal or state law require the use of initials, or when the specific identity of the minor is not necessary to the action or individual document." L.R. 140(a)(i).

1 4316996, at *1 (S.D. Cal Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). If Plaintiffs Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn are not minor plaintiffs and wish to proceed in this action, then they shall file an application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $405.00 filing fee for this action.

Further, Plaintiff Emma Dunn indicates in her *in forma pauperis* application that she is not employed, but that her last employment consisted of "1,515 SSI." (Doc. 2 at 1.) If Plaintiff Emma Dunn is receiving supplemental security income, disability benefits, or other payments, she must clearly state this in her application. She also must state the amount received in the past twelve (12) months and what she expects to continue to receive. If Plaintiff Emma Dunn wishes to proceed *in forrma pauperis* in this action, then she must submit a completed and signed application to proceed *in forma pauperis* or, in the alternative, pay the $405.00 filing fee for this action.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. If Plaintiffs Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn wish to proceed in this action along with Plaintiff Emma Dunn, then they shall file an amended complaint that includes the signatures of each plaintiff proceeding *pro se* within twenty-one (21) days from the date of service of this order.

2. If Plaintiffs Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn wish to proceed in his action, then they shall file an application to proceed *in forma pauperis*, completed and signed, or in the alternative pay the $405.00 filing fee for this action within twenty-one (21) days from the date of service of this order.

3. Within twenty-one (21) days from the date of service of this order, Plaintiff Emma Dunn shall file the attached application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $405.00 filing fee for this action.

4. No extension of time will be granted without a showing of good cause.

///

3

5. The failure to comply with this order will result in a recommendation for dismissal of this action.

IT IS SO ORDERED.

Dated: **July 19, 2024**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE