UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HUD URBAN DEVELOPMENT, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00815-KES-BAM<br><br>ORDER REQUIRING PLAINTIFFS EMMA DUNN AND ALANA DUNN TO FILE A SIGNED COMPLAINT<br><br>ORDER REQUIRING PLAINTIFFS EMMA DUNN AND ALANA DUNN TO FILE LONG FORM APPLICATIONS TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE<br><br>**THIRTY DAY (30) DAY DEADLINE** |

On July 16, 2024, Emma Dunn, Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn ("Plaintiffs") filed the instant civil action. (Doc. 1.) Plaintiff Emma Dunn also filed an application to proceed *in forma pauperis*. (Doc. 2.) On July 22, 2024, the Court reviewed these filings, identified various deficiencies, and ordered as follows: (1) if Plaintiffs Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn wish to proceed in this action along with Plaintiff Emma Dunn, then they shall file an amended complaint that includes the signatures of each plaintiff proceeding pro se; (2) if Plaintiffs Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn wish to proceed in his action, then they shall file an application to proceed in forma pauperis, completed and signed, or in the alternative pay the $405.00 filing fee for this action; and (3) Plaintiff Emma Dunn shall file an application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $405.00 filing fee for this action. (Doc. 3.)

On August 6, 2024, Plaintiffs filed a first amended complaint, along with an application to proceed *in forma pauperis*. (Docs. 4, 5.) These new filings have issues that Plaintiffs must address.

1

### 1. Amended Complaint

The amended complaint appears to name Emma Dunn and Alana Dunn as the plaintiffs in this action. (*See generally* Doc. 4.) However, the amended complaint was signed only by Plaintiff Emma Dunn, proceeding *pro se*. (*Id.* at 6.) Plaintiffs are again advised that Local Rule 131(b) of the Eastern District of California requires that all pleadings "be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona." Plaintiff Emma Dunn may represent herself *pro se*, but she may not represent anyone else *pro se*, even as a guardian ad litem. Each named plaintiff must sign the complaint on behalf of themselves if they wish to proceed *pro se* in this action, or must have a licensed attorney that represents them in the action sign and submit any filings. *See* L.R. 131(b); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer); *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted), ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."). Therefore, if both Emma Dunn and Alana Dunn wish to proceed as *pro se* plaintiffs in this action, then they must file an amended complaint that includes both of their signatures.

### 2. Application to Proceed *In Forma Pauperis*

Plaintiff Emma Dunn and Alana Dunn submitted what appears to be a joint application to proceed *in forma pauperis*. (Doc. 4.) As was previously explained, all parties instituting any civil action are required to pay the filing fee. *See* 28 U.S.C. § 1914(a). An action may only proceed without the payment of the filing fee if the party is granted *in forma pauperis* status. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." *Darden v. Indymac Bancorp, Inc.*, No. S-09-2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009); *see also Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each

plaintiff must qualify for IFP status."). Although Plaintiffs Emma Dunn and Alana Dunn submitted a joint application, the Court cannot determine from that application if one or both of them are entitled to proceed *in forma pauperis* in this action. Accordingly, the Court will order Plaintiffs to each complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiffs are unwilling to complete and submit separate long form applications, then they must pay the $405.00 filing fee for this action.

**Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. If Plaintiffs Emma Dunn and Alana Dunn wish to proceed together in this action, then they shall file an amended complaint that includes both of their signatures within thirty (30) days from the date of this Order.

2. The Clerk of the Court is directed to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 for each plaintiff.

3. Within thirty (30) days of the date of this order, Plaintiffs shall each complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 or, in the alternative, pay the $405.00 filing fee for this action.

4. No extension of time will be granted without a showing of good cause.

5. The failure to comply with this order will result in a recommendation for dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 4, 2024**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE