UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN and ALANA DUNN,<br><br>Plaintiffs,<br><br>v.<br><br>HUD URBAN DEVELOPMENT, et al.,<br><br>Defendants. | Case No. 1:24-cv-00815-KES-BAM<br><br>ORDER DENYING PLAINTIFFS' MOTION TO AMEND A CAPTION<br><br>(Doc. 21) |

On June 26, 2025, the Court issued an order directing the Clerk of the Court to amend the caption and docket to reflect that the operative second amended complaint no longer names Ariel Dunn, Richie Dunn, Aaliyah Dunn, and Ashanti Dunn as plaintiffs. (Doc. 19.)

On June 30, 2025, Plaintiffs Emma Dunn and Alana Dunn filed a motion to amend a caption. (Doc. 21.) Although not entirely clear, Plaintiffs appear to request amendment to reflect: "Minor's Representation: When a minor is involved in a legal case, they are typically represented by a guardian ad litem or a designated legal representative." (*Id.* at 3.)

Having considered the motion, Plaintiffs' request to amend the caption will be denied for two main reasons. First, the operative second amended complaint names only Emma Dunn and Alana Dunn as plaintiffs, and only Emma Dunn and Alana Dunn have signed that complaint. (*See* Doc. 7.) As a result, amending the caption to add unnamed plaintiffs who have not signed the complaint is neither appropriate nor warranted. *See*, *e.g.*, L.R. 131(b) (requiring all pleadings

1

1  "be signed by the individual attorney for the party presenting them, or by the party involved if
2  that party is appearing in propria persona".) If Plaintiffs wish to amend the complaint, then they
3  must file a motion seeking such leave under Federal Rule of Civil Procedure 15.

4      Second, to the extent Plaintiffs, proceeding pro se, are seeking to represent minor
5  plaintiffs in this action, they may not do so. As the Court has previously explained, Plaintiffs
6  Emma Dunn and Alana Dunn may represent themselves *pro se*, but they may not represent
7  anyone else *pro se*, even as guardians ad litem. Indeed, a parent or guardian cannot bring an
8  action on behalf of a minor child without retaining a lawyer. *See Johns v. County of San Diego*,
9  114 F.3d 874, 877 (9th Cir. 1997); C.*E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir.
10 1987) (citations omitted), ("Although a non-attorney may appear *in propria persona* in his own
11 behalf, that privilege is personal to him. He has no authority to appear as an attorney for others
12 than himself.").

13     As the Court has already amended the caption, Plaintiffs' motion to amend a caption is
14 DENIED as Moot.

15
16 IT IS SO ORDERED.

17     Dated: **July 7, 2025**     /s/ *Barbara A. McAuliffe*
18                                                 UNITED STATES MAGISTRATE JUDGE