1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EMMA DUNN and ALANA DUNN,              Case No.  1:24-cv-00815-KES-BAM

12              Plaintiffs,                 ORDER GRANTING PLAINTIFFS'
                                            MOTIONS FOR LEAVE TO FILE THIRD
13         v.                               AMENDED COMPLAINT

14   HUD URBAN DEVELOPMENT, et al.,         (Docs. 25, 27)

15              Defendants.                 **THIRTY (30) DAY DEADLINE**

16

17         Plaintiffs Emma Dunn and Alana Dunn, proceeding *pro se*, initiated this civil action

18   against defendants HUD/Urban Development, Zuber Real Estate, and Guarantee Real Estate on

19   July 16, 2024.  (Doc. 1.)  This action currently proceeds on Plaintiffs' second amended complaint

20   filed on October 10, 2024.  (Doc. 7.)  Following payment of the filing fee, the Clerk of the Court

21   issued civil new case documents and summonses as to Defendants HUD Urban Development,

22   Guarantee Real Estate, and Zuber Real Estate.  (Docs. 12, 13, 24.)

23         On July 2, 2025, the Court held a status conference to discuss service of the complaint.

24   The Court instructed Plaintiffs to serve a copy of the complaint on any defendant who is a

25   corporation, partnership, or association according to Federal Rule of Civil Procedure 4(h). The

26   Court instructed Plaintiffs to serve the complaint on any government defendant according to

27   Federal Rule of Civil Procedure 4(i). Additionally, the Court ordered Plaintiffs to serve a copy of

28   the complaint on all defendants, and to promptly file proofs of service of the summons and

                                              1

1 | complaint so the Court has a record of service.  (Doc. 23.)

2 |       On July 14, 2025, Plaintiffs filed a document titled "Amend: 'propria person" Pro. Se.,

3 | amend:  Motion Amend:  the caption and docket."  (Doc. 25.)  The nature of the document and

4 | the relief it seeks are unclear.  The motion includes, among other things, a recitation of Federal

5 | Rules of Civil Procedure 12 and 15, factual allegations, and citations to various provisions of

6 | Title 18 of the United States Code.  (*Id.*)

7 |       On August 5, 2025, Plaintiffs filed a document titled "Amended Complaint For a Civil

8 | Case Amend:  Federal Rule of Civil Procedure 15 Amend Second Pro Se," which was lodged as a

9 | third amended complaint. (Doc. 27.)  The document includes a discussion of habeas corpus

10 | petitions and claims cognizable in such proceedings, along with a discussion regarding "obtaining

11 | discovery."  (*Id.*)  Appended to the document, but not signed, is a purported amended complaint

12 | for *Dunn v. Kirby Vacuum, LLC*, Case No. 1:25-cv-00787.  (*Id.* at 30-38.)

13 |       Although the nature of relief sought is not entirely clear, the Court construes Plaintiffs'

14 | July 14 and August 5, 2025 filings as motions for leave to file a third amended complaint.  (Docs.

15 | 25 and 27.)

16 |       Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

17 | pleading once as a matter of course at any time before a responsive pleading is served.

18 | Otherwise, a party may amend only by leave of the court or by written consent of the adverse

19 | party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

20 | is very liberal and leave to amend shall be freely given when justice so requires.

21 | *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and

22 | quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1)

23 | prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation;

24 | or (4) is futile."  *Id.*

25 |       In considering the relevant factors, the Court finds no evidence of prejudice as no

26 | defendants have been served or have appeared in this action.[1]  Although the Court is concerned

27 |

28 | [1]  On July 18, 2025, Plaintiffs filed a proof of service purporting to show proof of service on Defendant "U.S. Department HUD Urban of Housing Development Government Entity" by first class mail.  (Doc.

1   that Plaintiffs' multiple attempts to amend the complaint have delayed proceedings, are not made

2   in good faith, and may be futile given their disjointed nature, the Court will, in an abundance of

3   caution, grant Plaintiffs an opportunity to file a third amended complaint.

4          Plaintiffs are advised that any amended complaint must contain "a short and plain

5   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

6   Further, Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a

7   complaint (a) state the names of "all the parties" in the caption; and (b) state a party's claims in

8   sequentially "numbered paragraphs, each limited as far as practicable to a single set of

9   circumstances." Fed. R. Civ. P. 10.  Plaintiffs are also advised that an amended complaint

10  supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

11  Therefore, Plaintiffs' amended complaint must be "complete in itself without reference to the

12  prior or superseded pleading."  Local Rule 220.

13         Based on the foregoing, it is HEREBY ORDERED that:

14      1.  Plaintiffs' motions for leave to amend to file a third amended complaint (Docs. 25

15          and 27) are GRANTED.

16      2.  Within **thirty (30) days** from the date of service of this order, Plaintiffs shall file a

17          third amended complaint.

18      3.  If Plaintiffs fail to file an amended complaint in compliance with this order, then the

19          Court will recommend dismissal of this action.

20

21  IT IS SO ORDERED.

22      Dated:   **November 5, 2025**          /s/ *Barbara A. McAuliffe*      _

23                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28  26.) Plaintiffs' purported service on Defendant HUD was not effective under Federal Rule of Civil
    Procedure 4(i).

3