**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMA DUNN and ALANA DUNN, | Case No. 1:24-cv-0815 KES FJS |
| Plaintiff, | ORDER DISMISSING CLAIMS WITHOUT PREJUDICE, DENYING THE MOTION FOR REFUND, AND DIRECTING CLERK OF COURT TO CLOSE THIS CASE |
| v. | |
| HUD URBAN DEVELOPMENT, et al., | Doc. 29 |
| Defendants. | |

Emma Dunn and Alana Dunn, proceeding *pro se*, initiated this civil action by filing a complaint against Defendants HUD/Urban Development, Zuber Real Estate, and Guarantee Real Estate.  On November 24, 2025, Alana Dunn filed a document titled "Dismissal without Prejudice."  Doc. 29.  She requested dismissal, indicating she has "no-time to [f]ight" for the claims raised in the action.  *Id.*  She requests a "refund for this case of $405.00."  *Id.*

**I.      Dismissal of Claims by Alana Dunn**

The Court construes Alana Dunn's filing as a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a), which permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(i).  Alana Dunn stated her intent to dismiss this case without prejudice and no defendant has filed an answer or motion for summary judgment. Thus, dismissal of her claims is appropriate under Rule 41(a).

1

## II. Dismissal of claims by Emma Dunn

Emma Dunn did not join the request for dismissal filed on November 24, 2025. *See generally* Doc. 29. However, after the Court served an order granting leave to file a third amended complaint, the U.S. Postal Service returned the mail served separately upon Emma Dunn as "undeliverable" on December 10, 2025. The Court's mail to Emma Dunn was also returned on April 3, 2026. Emma Dunn has not filed a notice of a change of address.

### A. Failure to comply with Local Rules and failure to prosecute

Plaintiffs are obligated to keep the Court informed of a proper mailing address pursuant to Local Rule 183(b), which provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

*Id.* (emphasis omitted). As more than 30 days have passed since the Postal Service first returned the Court's mail and Emma Dunn has not notified the Court of her current address, she has failed to comply with Local Rule 183(b). The matter may therefore be dismissed without prejudice for failure to prosecute. *Id.*; *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rules).

### B. Terminating sanctions

To determine whether to dismiss for failure to prosecute, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1424; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (identifying the same factors).

The public's interest in expeditiously resolving the litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,

2

990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). A case cannot be held in abeyance indefinitely when a litigant fails to provide a proper mailing address for written communications. Thus, these factors weigh in favor of dismissal of the action.

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice to the defendants arises through a delay in the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The third factor also supports dismissal of the action.

No lesser sanction is feasible, given the Court's inability to communicate with Emma Dunn. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Finally, the policy favoring disposition of cases on their merits is outweighed by the other factors that favor dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). The factors identified by the Ninth Circuit weigh in favor of terminating sanctions, and dismissal of the claims raised by Emma Dunn is appropriate based on her failure to keep the Court informed of a current mailing address as required by Local Rule 183(b).

**III.    Request for Refund**

Plaintiff Alana Dunn requests a refund of the filing fee for this action. Doc. 29 at 2. But "voluntary dismissal of an action . . . does not entitle the litigant to a refund of filing fees." *Silva v. Jackson*, No. 1:25-cv-00458-KES-EPG, 2025 WL 2432840, *1 (E.D. Cal. Aug. 22, 2025)

(quoting *Grindling v. Martone*, No. 12-00361 LEK/BMK, 2012 WL 4502954, at *2 (D. Haw. Sept. 28, 2012)); *Lopez v. Doe*, No. 5:23-cv-01924-FWS-AJR, 2024 WL 5422706, at *1 (C.D. Cal. Feb. 29, 2024) (collecting cases). As there is no statutory basis for returning the filing fee, the request is denied.

**IV.    Conclusion and Order**

For the foregoing reasons, the Court **ORDERS**:

1.    The claims of Plaintiff Alana Dunn are **DISMISSED** without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2.    The claims of Plaintiff Emma Dunn are **DISMISSED** without prejudice for failure to comply with the Local Rules and failure to prosecute.

3.    Plaintiff Alana Dunn's request for a refund of the filing fee (Doc. 29) is **DENIED**.

4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    April 9, 2026

_____
UNITED STATES DISTRICT JUDGE